# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

|  |  |  |
|---|---|---|
| MARTHA MOUNLIO, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 1:06-0215** |
| | ) | |
| McDOWELL COUNTY SHERIFF, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On March 23, 2006, Plaintiff, acting *pro se*, filed her Complaint in this matter alleging that the Defendants unlawfully seized her firearm from her residence.[1] (Doc. No. 1 at 1.) Plaintiff seeks from the Defendants either the return of her firearm or the monetary value of the firearm. (Id.) On December 5, 2006, the Defendants, by counsel, filed their Answer. (Doc. No. 13.) Defendants assert that the McDowell County Sheriff's Department declined to return Plaintiff's firearm because Plaintiff resides with her husband, Henry Austin, who was convicted of domestic violence at the state level. (Id. at 1.) Defendants do not believe that they can lawfully return the firearm to Plaintiff "having knowledge that she continues to reside with Mr. Austin." (Id.)

By Order filed on March 19, 2007, Chief United States District Judge David A. Faber directed that the parties confer pursuant to Federal Rule of Civil Procedure 26(f) by April 18, 2007, and file with the Court the report of their Rule 26(f) meeting by April 25, 2007. (Doc. No. 14.) Chief Judge Faber further directed that the parties appear before the undersigned on May 17, 2007, for purposes of a scheduling conference. (Id.) Neither Plaintiff nor Defendants filed their Rule 26(f) Report.

During the week preceding the scheduling conference, the staff of the undersigned unsuccessfully attempted to contact Plaintiff by telephone at her friend's house, the number she

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

provided the Court upon filing her Complaint, to reschedule the May 17, 2007, conference. The undersigned's staff left messages to no avail requesting that Plaintiff contact the Court. Accordingly, by Order filed on May 16, 2007, the undersigned cancelled the May 17, 2007, conference and rescheduled the same for June 5, 2007. (Doc. No. 15.) In the Order, the undersigned directed Plaintiff to contact the office of the undersigned upon receipt of a copy of the Order and in any event, no later than May 23, 2007. (Id.) The undersigned also advised Plaintiff that her attendance at the scheduling conference was mandatory and that her failure to appear may result in the recommendation to Chief Judge Faber that this civil action be dismissed without prejudice. (Id.) The Order, which was mailed to Plaintiff *via* certified mail, was received by Henry Austin. (Doc. No. 16.) The return receipt card does not indicate a date the Order was received, but the Clerk's Office received the return card on May 22, 2007, prior to the date by which Plaintiff was to contact the Court. (Id.) Nevertheless, the office of the undersigned was not contacted by Plaintiff in any manner. On June 5, 2007, Sidney H. Bell, Esquire, counsel for Defendants, appeared for the scheduling conference. Plaintiff did not appear.

By Standing Order filed on March 23, 2006 (Doc. No. 3.), this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Based on Plaintiff's failure to respond to the Court's Orders and appear at the scheduling conference, the undersigned has determined that Plaintiff has failed to take any steps to continue prosecution of this action, and therefore, Plaintiff's Complaint in this case should be dismissed.

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure [2] and Rule 41.1 of the Local

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:

**(b) Involuntary Dismissal: Effect Thereof**. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an

Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to *sua sponte* dismiss an action for a *pro se* Plaintiff's failure to prosecute. <u>See</u> <u>Link v. Wabash R. R. Co.</u>, 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(I) the degree of personal responsibility of the plaintiff,

(ii) the amount of prejudice caused the defendant,

(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and

(iv) the existence of a sanction less drastic than dismissal.

<u>Ballard v. Carlson</u>, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first three factors, the Court finds that the delays in this case are attributable solely to the Plaintiff as she has not responded to any of the Court's Orders and did not appear at the scheduling conference. With respect to the second factor, the undersigned finds that the record is void of further evidence indicating that Plaintiff has a history of "deliberately proceeding in a dilatory fashion." Concerning the third factor, the undersigned does not find that the Defendant will be prejudiced by dismissal of Plaintiff's Complaint. In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular

adjudication upon the merits.

3

circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be futile in view of her *in forma pauperis* status. Accordingly, the undersigned has determined that this action should be dismissed without prejudice unless Plaintiff is able to show good cause for her failure to prosecute.

### PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** this civil action without prejudice for failure to prosecute and **REMOVE** this matter from the Court's docket. Though the undersigned advised Plaintiff by Order filed on May 16, 2007, of the proposed dismissal without prejudice of this action if Plaintiff failed to appear at the June 5, 2007, scheduling conference, the Court will withdraw this Proposed Findings and Recommendation should Plaintiff be able to show good cause for the failure to prosecute within the thirteen (13) day period allowed for objections, as specified below.[3]

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Chief United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days, three days (mailing/service) and then ten days (filing of objections), from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made

---

[3] Pursuant to Local Rule 41.1, the Court is required to provide the parties with a 30 day notice that the instant civil action will be dismissed for failure to prosecute unless good cause for its retention is shown. By Order entered May 16, 2007 (Doc. No. 15.), the Court advised Plaintiff that her Complaint may be dismissed if she failed to attend the June 5, 2007, scheduling conference. Accordingly, the 30-day notice requirement will be satisfied on June 15, 2007. Nevertheless, Plaintiff has until June 22, 2007, to file objections to this Proposed Findings and Recommendation, during which time she may show good cause for her failure to prosecute.

and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Chief Judge Faber, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*, and counsel of record.

DATE: June 6, 2007.

R. Clarke VanDervort
United States Magistrate Judge